IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ERIC SHAWN RAY,                )
                               )
        Plaintiff,     )
                               )
v.                             )   No. CIV 20-471-RAW-SPS
                               )
KEVIN CLARDY, et al.,          )
                               )
        Defendants.    )

## OPINION AND ORDER

This action is before the Court on Defendants' motions to dismiss. The Court has before it for consideration Plaintiff's complaint (Dkt. 1), Defendants' motions (Dkts. 26, 28, 29, 37, and 49), and the parties' responses and replies to the motions (Dkts. 41, 50, 54, 55, and 56).

Plaintiff is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is proceeding *in forma pauperis* and is incarcerated at Davis Correctional Center in Holdenville, Oklahoma. He brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged violations of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights related to his extradition from Texas and occurring during his incarceration as a pretrial detainee at the McCurtain County Jail in Idabel, Oklahoma (Dkt. 1 at 3, 14-17). The remaining defendants are Kevin Clardy, McCurtain County Sheriff; Tom Pittman, McCurtain County Transport Officer; T. Knowles, McCurtain County Jailer; Kelli Brumley, a/k/a Killi Brumley, Supervisor of Carl Albert Mental Health Center; City TeleCoin Co., Inc. (TeleCoin); and Tristen LNU, Supervisor at Telecoin. Defendants Russ

Miller and Misty LNU previously were dismissed for Plaintiff's failure to serve them in accordance with Fed. R. Civ. P. 4(m) (Dkt. 51).

**Standard of Review**

In assessing a motion to dismiss, the court must accept the factual allegations as true and consider them in the light most favorable to the plaintiff. *Tomlinson v. El Paso Corp,*, 653 F.3d 1281, 1285-86 (10th Cir. 2011), *cert. denied*, 565 U.S. 1201 (2012) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). A request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is required to exercise a liberal interpretation of Plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the Court need not assume the role of advocate for Plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which

relief can be granted." *Id*.

**Defendant Kevin Clardy**

Plaintiff alleges that on December 4, 2018, Defendant McCurtain County Sheriff Kevin Clardy "was designated as authorized agent concerning an extradition requisition directed to the Governor of Texas for the arrest and delivery of Plaintiff to said agent." Plaintiff maintains the requisition was unlawfully obtained and executed. (Dkt. 1 at 14). Plaintiff does not specify which, if any, of his constitutional rights were violated by Clary's alleged action. Defendant Clardy has filed a motion to dismiss the claims against him as barred by the statute of limitations (Dkt. 26).

The statute of limitations for a civil rights cause of action in Oklahoma is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). "Federal law controls questions relating to accrual of federal causes of action. A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the claim." *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993) (citations omitted). Because the alleged incident began on December 4, 2018, Plaintiff had until December 4, 2020, to initiate this civil rights action.

According to Plaintiff's "Declaration of Inmate Filing," he deposited his complaint in his institution's internal mail system on December 8, 2020 (Dkt. 2). "An inmate who places a federal civil rights complaint in the prison's internal mail system will be treated as having 'filed' that complaint on the date it is given to prison authorities for mailing to the

3

court." *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988). The complaint is thus considered to have been "filed" under the "prison mailbox rule" on December 8, 2020, which was after the statute of limitations had expired.

Plaintiff has filed a response to Defendant Clardy's motion to dismiss, disputing that the two-year statute of limitations is applicable (Dkt. 41). He instead incorrectly asserts the relevant statute of limitations is Okla. Stat. tit. 12, § 95(A)(5), which he claims sets a five-year statute of limitations related to extradition.

"There is no applicable federal statute of limitations relating to civil rights actions brought under Section[ ] 1983 . . . . The time within which such action must be brought is to be determined by the laws of the state where the cause of action arose." *Crosswhite v. Brown*, 424 F.2d 495, 496 (10th Cir. 1970) (per curiam)). "Because '§ 1983 claims are best characterized as personal injury actions,' . . . a State's personal injury statute of limitations should be applied to all § 1983 claims." *Owens v. Okure*, 488 U.S. 235, 240-41 (1989) (quoting *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). The appropriate statute of limitations regarding Plaintiff's claim, therefore, is Oklahoma's two-year limitations period. *Lawson v. Okmulgee Cty. Crim. Justice Auth.*, 726 F. App'x 685, 690 (citing Okla. Stat. tit. 12, § 95(A)(3)); *see also Price*, 420 F.3d at 1162 ("Oklahoma's two-year statute of limitations applies.").

Plaintiff also now contends he was not aware of the requisition for his extradition

4

from Texas until March 1, 2019 (Dkt. 41 at 2), and his complaint states that the events giving rise to his claim occurred on December 13, 2018, *id*. at 3 (citing Dkt. 1 at 6).

"A civil rights action accrues when 'facts that would support a cause of action are or should be apparent.'" *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (quoting *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 645 (5th Cir. 1988). "[W]e focus on whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm." *Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th Cir. 2004) (citation omitted). To determine the accrual date, the Court must "first identify the alleged constitutional violations and then locate when they occurred." *Lawson*, 726 F. App'x at 691 (citing Smith v. City of Enid, 149 F.3d 1151, 1155 (10th Cir. 1998)). Here, except for generalizations, the Court finds Plaintiff has not alleged which constitutional right was violated by his extradition and how the right was violated.

Regardless of the statute of limitations, the Court finds Plaintiff's claim against Defendant Clary must fail. The claim cannot be asserted under § 1983 without showing that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

5

at 487. *See also Pullen v. Keesling*, 9 F. App'x 882, (10th Cir. 2001) (holding that plaintiff could not assert extradition claim in § 1983 action "without showing that his conviction has already been set aside"); *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (holding that § 1983 challenges to extradition procedures are barred by *Heck*). Plaintiff has not made this showing. Therefore, Plaintiff's claim concerning extradition against Defendant Kevin Clardy, in his individual and official capacities, is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also presents an unclear claim that "McCurtain County Sheriffs" unlawfully removed him from the jail on June 14, 2019, after being ordered to show cause relevant to a writ of habeas corpus filed in this Court on May 20, 2019. (Dkt. 1 at 17). The Sheriff's Office allegedly did not allow for the ten days required after sentencing on June 6, 2019. *Id.* Plaintiff, however, fails to specify which of his constitutional rights were violated by these alleged actions. "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice. *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)." Therefore, to the extent these claims are intended to be against Sheriff Clardy, the claims also are DISMISSED.

**Defendant Tom Pittman**

Plaintiff alleges that on December 13, 2018, Defendant Transport Officer Tom

Pittman took custody of him at the Collin County Jail in McKinney, Texas, resulting in injuries to Plaintiff's neck, back, arm, and leg. Plaintiff claims Officer Pittman was not authorized to take custody of him, and the exchange of custody was illegal. (Dkt. 1 at 14).

Defendant Pittman has filed a motion to dismiss, alleging that any official capacity claim against him must fail, because he has no policymaking authority for the McCurtain County Jail or the McCurtain County Sheriff's Office (Dkt. 28). Plaintiff has not filed a response to the motion.

"[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent . . . ." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690, n.55 (1978). *See also Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). For such a suit to be successful, the officer must have "final policymaking authority" for the entity that employs him. *Gros v. City of Grand Prairie, Tex.*, 181 F.3d 613, 615 (5th Cir. 1999) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)).

Plaintiff alleges that Defendant Pittman is a transport officer--not the McCurtain County Sheriff or an official for the McCurtain County Jail Trust. There are no allegations that Pittman has any policymaking authority for the jail or the Sheriff's Office. Therefore, Plaintiff has failed to state a claim under § 1983 against Defendant Pittman in his official capacity. *See* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii).

**Defendant T. Knowles**

Plaintiff alleges that on January 23, 2019, and May 13, 2019, Defendant Jailer T.

Knowles tampered with and mishandled his legal mail at the jail, resulting in Plaintiff's being denied access to the courts. (Dkt. 1 at 7, 16). Plaintiff, however, provides no details of how he was denied access to the courts. Defendant Knowles has filed a motion to dismiss for failure to state a claim (Dkt. 29), but Plaintiff has not responded to the motion.

Without naming a specific defendant, Plaintiff also makes a conclusory claim that the jail "fail[ed] to provide any meaningful access to the courts in terms of writ of habeas corpus or conditions of confinement relevant to legal aid or access to addresses and research materials." (Dkt. 1 at 17).

It is undisputed that access to the courts and the means to effectuate such access are fundamental constitutional rights. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To have standing to raise a claim of denial of access to the courts, however, a prisoner must demonstrate actual injury. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). "To do so, he must show that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).

Here, the Court finds Plaintiff has failed to set forth any facts showing he was actually prejudiced by the alleged interference with his mail. Therefore, he has failed to state a claim for denial of access to the courts. While Knowles has moved for dismissal of the claims against him in his official capacity only, the Court finds Plaintiff clearly has failed to state a claim against Knowles in his official or individual capacity. Therefore, Defendant Knowles, in his individual and official capacities, is DISMISSED from this action for failure

to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii). *See* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.   **Defendant Kelli Brumley**

Plaintiff alleges that on May 7, 2019, Defendant Kelli Brumley, Supervisor at the Oklahoma Department of Mental Health and Substance Abuse Services' Carl Albert Mental Health Center, failed to protect him from being assaulted at the McCurtain County Jail. He claims he reported his illegal extradition, jail assaults, and that the jail administrator had removed the PREA (Prison Rape Elimination Act) number from the jail phone system. (Dkt. 1 at 7, 16). Defendant Brumley has filed a motion to dismiss, alleging Plaintiff has failed to state a claim upon which relief can be granted (Dkt. 49).

Defendant Brumley alleges Plaintiff has failed to adequately demonstrate that she personally participated in any constitutional violations. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Supervisory status is not sufficient to support liability under § 1983. *Id*. *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981). *See also Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151-52 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights.").

Here, Plaintiff offers only vague allegations against Brumley and fails to show an affirmative link between her conduct and any constitutional violation. Plaintiff claims in his

9

response to the motion to dismiss that he "was assaulted multiple times at the jail after notifying Defendant Brumley that the P.R.E.A. number was not available at the jail," and that "Brumley refused to aid plaintiff in anyway [sic] with regard to his illegal restraint or the assaults." (Dkt. 56 at 3). Brumley, however, maintains she is not a county employee and has no control over the operations of the jail (Dkt. 49 at 2).

To the extent Plaintiff is attempting to assert a claim of "failing to protect," his conclusory allegations are insufficient to state a claim. Further, there are no facts to suggest that Brumley had the authority to affect the situation at the jail, because she was not a jail employee. Allegations of "knowledge" and "acquiescence" are insufficient to support a finding of personal participation and potential supervisory liability, even if some or all of the underlying practices were constitutional violations. *See Iqbal*, 556 U.S. at 677. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.*

Because Plaintiff has failed to show Brumley's personal participation in the alleged constitutional violations, the Court finds Defendant Brumley, in her individual and official capacities, must be DISMISSED for Plaintiff's failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii).

## V.     Defendants Tristen LNU and City TeleCoin Co., Inc.

Plaintiff alleges that Tristen LNU, a supervisor at City TeleCoin Co., Inc. (TeleCoin), failed to protect him from being assaulted at the jail after being notified that the PREA

number had been removed from the phone system.[1] TeleCoin allegedly was notified that the PREA phone number was replaced with an unauthorized rape hotline phone number which only gave a recorded message, however, TeleCoin refused to help Plaintiff. (Dkt. 1 at 16-17). Plaintiff asserts these incidents occurred from May 17, 2019, to June 14, 2019. (Dkt. 1 at 7). TeleCoin has filed a motion to dismiss for failure to state a claim upon which relief can be granted, alleging it is a privately-owned and operated company that is incapable of state action in any capacity, especially to the degree sufficient to have deprived Plaintiff of any constitutional rights. (Dkt. 37).

"Section 1983 provides a federal civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution' by any person acting under color of state law." *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) (quoting 42 U.S.C. § 1983). If a plaintiff in a § 1983 action seeks to hold a private actor liable for constitutional deprivations, he must prove that the private actor's conduct is "fairly attributable to the state." *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937(1982). The *Lugar* Court created a two-part test regarding whether a private person's action constitutes state action:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the [S]tate or by a person for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.

---

[1] Tristen LNU was not personally served. TeleCoin, however, was served, entered an appearance, and filed the motion to dismiss.

> This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id.*

After careful review, the Court finds that Plaintiff has not demonstrated that Tristen LNU was a state actor when Tristen allegedly failed to act to protect Plaintiff after the PREA phone number allegedly was removed at the jail. Plaintiff, therefore, has failed to state a claim against Tristen LNU upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2) (dismissal of defendant prior to service for failure to state a claim).

With respect to TeleCoin, the Tenth Circuit has developed four tests to determine when private parties should be deemed state actors: "(1) the public function test, (2) the nexus test, (3) the symbiotic relationship test and (4) the joint action test." *Johnson v. Rodrigues*, 293 F.3d 1196, 1202-1203 (10th Cir. 2002) (citing *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442 (10th Cir. 1995)).

> Under each of these four tests, "the conduct allegedly causing the deprivation of a federal right" must be "fairly attributable to the State." In order to establish state action, a plaintiff must demonstrate that the alleged deprivation of constitutional rights was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." . . . In order to resolve the state action question before us, we will apply these general principles and each of the tests articulated by the Supreme Court.

*Johnson*, 293 F.3d at 1202-03 (quoting *Gallagher*, 49 F.3d at 1447) (citations omitted).

"The public function test consists of determining whether the state has delegated to a private party "a function traditionally exclusively reserved to the States." *Johnson*, 293

F.3d at 1203 (quoting *Gallagher*, 49 F.3d at 1447). "This is an arduous standard to satisfy." *Id.* at 1203. TeleCoin maintains it is simply a vendor providing communications services to dozens of facilities across the country, including the McCurtain County Jail, where Plaintiff was incarcerated. This is not a function that exclusively is reserved to the state. Therefore, under public function test, TeleCoin is not a state actor.

> "Under the nexus test, a plaintiff must demonstrate that 'there is a sufficiently close nexus' between the government and the challenged conduct such that the conduct 'may be fairly treated as that of the State itself.'" *Gallagher*, 49 F.3d at 1448 (citing *Jackson*, 419 U.S. at 351). We have stated that under this approach, "a state normally can be held responsible for a private decision 'only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id.* (citing *Blum v. Yaretsky*, 457 U.S. 991 (1982)).

*Johnson*, 293 F.3d at 1203.

Here, the Court finds Plaintiff has shown no nexus between the state and TeleCoin. In fact, Plaintiff has not presented any evidence that the state exercised coercive power or provided such significant encouragement that TeleCoin's or its supervisor's conduct can be deemed to be action by the state. Therefore, under the nexus test, Telecoin and its supervisor were not state actors.

> Under the analysis referred to as the "symbiotic relationship test," the state must have "'so far insinuated itself into a position of interdependence' with a private party that 'it must be recognized as a joint participant in the challenged activity.'" *Gallagher*, 49 F.3d at 1451 (citing *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961)). We have noted that "extensive state regulation, the receipt of substantial state funds, and the performance of important public functions do not necessarily establish the kind of symbiotic relationship between the government and a private entity that is required for state action." *Id*.

13

*Johnson v. Rodrigues*, 293 F.3d 1196, 1204 (10th Cir. 2002).

> The [Supreme] Court has held that extensive state regulation, the receipt of substantial state funds, and the performance of important public functions do not necessarily establish the kind of symbiotic relationship between the government and a private entity that is required for state action. *See, e.g., San Francisco Arts & Athletics v. U.S. Olympic Comm.*, 483 U.S. 522, 547 n.29 (1987) (no symbiotic relationship between the federal government and the United States Olympic Committee even though the government gave the Committee the exclusive right to use the word "Olympic"); *Blum v. Yaretsky*, 457 U.S. 991, 1011-12 (1982)) (state licensing of nursing homes, subsidization of capital and operating costs, and payment of medical expenses of ninety percent of patients do not establish symbiotic relationship); *Rendell-Baker v. Kohn*, 457 U.S. at 842, 846 (1982) (private school receiving ninety percent of its operating budget from public funds not in symbiotic relationship with the state); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 358 (1974) (no symbiotic relationship between utility company and state even though company was heavily regulated and enjoyed a partial monopoly and the state approved a tariff setting forth challenged method of terminating service).

*Gallagher*, 49 F.3d at 1451.

Here, the Court finds Plaintiff has not shown that Telecoin has a symbiotic relationship with the McCurtain County Jail that renders it capable of state action.

> Under the joint action test, "state action is also present if a private party is a 'willful participant in joint action with the State or its agents.'" *Gallagher*, 49 F.3d at 1453 (citing *Dennis v. Sparks*, 449 U.S. 24 (1980)). When applying this analysis, courts generally "examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Id.* Most decisions discussing this concept hold that if there is a substantial degree of cooperative action between state and private officials, or if there is "overt and significant state participation" in carrying out the deprivation of the plaintiff's constitutional rights, state action is present. *Id.* at 1454 (citing *Hoai v. Vo*, 935 F.2d 308, 313 (D.C. Cir. 1991)). . . .

*Johnson v. Rodrigues*, 293 F.3d at 1205.

In Plaintiff's case, the Court finds that in order to hold TeleCoin responsible for any

14

alleged violation of his constitutional rights, he must prove that there is "a substantial degree of cooperative action" between the state and private actors, or at least that the two "share a common, unconstitutional goal." *Gallagher*, 49 F.3d at 1454. Plaintiff, however, clearly has failed to make this showing.

Based on the above discussion, the Court finds Defendant TeleCoin also must be DISMISSED from this action for Plaintiff's failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii).

**ACCORDINGLY,**

1. Defendant Kevin Clardy, in his official and individual capacities, is DISMISSED WITHOUT PREJUDICE from this action with respect to Plaintiff's extradition claims. Any claims against Defendant Clardy, in his official and individual capacities, concerning Plaintiff's removal from the jail on June 14, 2019, also is DISMISSED. *See* Dkt. 26.

2. Defendant Tom Pittman, in his official capacity, is DISMISSED from this action. *See* Dkt. 28.

3. Defendant T. Knowles, in his official and individual capacities, is DISMISSED from this action. *See* Dkt. 29.

4. Defendant Kelli Brumley, in her official and individual capacities, is DISMISSED from this action. *See* Dkt. 49.

5. Defendants City TeleCoin and Tristen LNU are DISMISSED from this action.

15

*See* Dkt. 37.

      **IT IS SO ORDERED** this 25th day of March 2022.

                                                    RONALD A. WHITE
                                                  UNITED STATES DISTRICT JUDGE