IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC SHAWN RAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV 20-471-RAW-JAR |
| | ) |
| TOM PITTMAN, in his individual capacity, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**
**DENYING THIRD MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff has filed a third motion for appointment of counsel (Dkt. 81). There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). "It is not enough 'that having counsel appointed [would assist the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

The Court again has carefully reviewed the merits of Plaintiff's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *See McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). The Court concludes the issues are not complex, and Plaintiff appears capable of adequately presenting facts and arguments.

**ACCORDINGLY,** Plaintiff's third motion for appointment of counsel (Dkt. 81) is DENIED.

**IT IS SO ORDERED** this 26th day of January 2023.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA