IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC SHAWN RAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 20-471-RAW-JAR |
| ) | |
| TOM PITTMAN, ) | |
| in his individual capacity, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Tom Pittman's motion for sanctions (Dkt. 88) and his motion to confess motion for sanctions (Dkt. 92). Pittman, in his individual capacity, is the only remaining defendant in this case.

Plaintiff, a pro se prisoner who presently is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 16, 2020. His complaint named eight defendants and alleged his constitutional rights were violated during his transport to the McCurtain County Jail in Idabel, Oklahoma, and during his incarceration at that facility. (Dkt. 1).

On May 6, 2021, Defendants Russ Miller and Misty LNU were dismissed without prejudice for Plaintiff's failure to show cause for his failure to properly serve them. (Dkt. 51). On March 25, 2022, the following defendants also were dismissed: Kevin Clardy, in his official and individual capacities; Tom Pittman, in his official capacity; T. Knowles, in his official and individual capacities; Kelli Brumley, in her official and individual capacities; City TeleCoin, and Tristen LNU. (Dkt. 71).

**Discovery Requests**

On March 24, 2023, Defendant Pittman filed his motion for sanctions (Dkt. 88), alleging that on July 14, 2022, Plaintiff was served with three discovery requests: (1) Defendant's first requests for admission (Dkt. 88-1), (2) Defendant's first set of interrogatories (Dkt. 88-2), and (3) Defendant's first set of requests for production. (Dkt. 88-3). Plaintiff responded to Defendant Pittman's discovery requests on September 1, 2022, however, the responses generally objected to the instructions to the discovery requests and did not provide any information. (Dkts. 88-4; 88-5; 88-6).[1]

On October 21, 2022, Defendant Pittman filed a motion to compel discovery responses from Plaintiff, because Plaintiff had not fully answered Pittman's discovery requests. (Dkt. 78). On November 9, 2022, this Court granted Pittman's unopposed motion to compel and instructed Plaintiff to respond to Pittman's discovery requests within 21 days, or by November 30, 2022. (Dkt. 80). The Court also cautioned Plaintiff that "[f]ailure to respond to the discovery requests as directed may result in sanctions against Plaintiff pursuant to Fed. R. Civ. P. 37." *Id.* On November 29, 2022, Plaintiff mailed documents that were partially responsive to Defendant's requests for production. (Dkt. 88-9). Plaintiff did not indicate whether certain documents were outside his possession or control. *Id.* Pittman asserts that Plaintiff has not provided any answers to the first set of interrogatories and has not supplemented his responses to other discovery requests. (Dkt. 92 at 1-2).

**Attempted Deposition**

On August 31, 2022, Pittman filed a motion for leave to depose Plaintiff (Dkt. 76), which

---

[1] Plaintiff sent his discovery requests to Defendant Pittman in September and October 2022, and Pittman asserts he answered these discovery requests accordingly. (Dkts. 88-7; 88-8).

was granted on September 1, 2022. (Dkt. 77). On January 23, 2023, Plaintiff filed his third motion for appointment of counsel. (Dkt. 81). This Court previously had denied Plaintiff's first and second motions for appointment of counsel on April 20, 2021. (Dkt. 46). Plaintiff argued in the third motion for appointment of counsel that he should not have to sit for a deposition without a court-appointed attorney. (Dkt. 81). This Court denied the third motion on January 26, 2023. (Dkt. 82).

On February 9, 2023, Pittman's counsel filed a notice to take Plaintiff's deposition at Plaintiff's facility on February 16, 2023. (Dkt. 83). On the scheduled date, defense counsel attempted to take Plaintiff's deposition. (Dkt. 88 at 2-3). Plaintiff admitted at the deposition that he had received notice of the deposition. (Dkt. 88-10, Deposition of Eric Ray, 3:13-3:16, 19:15-19:23).

Plaintiff stated he had researched the rules regarding depositions to prepare for his deposition. (Dkt., 88-10, Deposition of Eric Ray, 13:13-15:14, 16:21-17:7). He, however, refused to cooperate during his deposition. Plaintiff attempted to provide a narrative and not respond to the questions posed to him. (Dkt. 88-10, Deposition of Eric Ray, 5:2-6:19, 11:7-13:12). He then objected to continuing his deposition. Plaintiff argued he had been improperly denied appointed counsel for this civil suit and wanted a protective order to limit the scope of the questions defense counsel could ask. (Dkt. 88-10, Deposition of Eric Ray, 15:12-15:23, 17:8-18:7, 18:22-19:14, 21:7-25:15).

**Motion for Sanctions and Motion to Confess the Motion for Sanctions**

On March 24, 2023, Defendant Pittman filed his motion for sanctions, requesting the Court to sanction Plaintiff his failure to fully answer the discovery requests and to complete his deposition. (Dkt. 88). On April 6, the Court directed Plaintiff to show cause in writing by April 20, 2023, why Defendant Pittman's motion for sanctions should not be granted. (Dkt. 90). Plaintiff was cautioned

that his failure to show cause as directed could result in sanctions, including dismissal of this action, without further notice. *Id.*

On April 24, 2023, Plaintiff filed a motion in limine to limit the scope of deposition and obtain guidance relevant to ongoing civil and criminal matter directly associated with this case. (Dkt. 91). The motion in limine did not address his failure to fully answer Pittman's discovery requests. *Id*. On April 25, 2023, Defendant Pittman filed a motion to confess the motion for sanctions. (Dkt. 92). Plaintiff has not responded to the motion to confess. Plaintiff's motion in limine was denied on April 9, 2024. (Dkt. 94).

**Discussion**

Rule 37 of the Federal Rules of Civil Procedure authorizes a party to file a motion for sanctions when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). In addition, "[a] district court has inherent equitable powers to impose the sanction of dismissal without prejudice because of abusive litigation practices during discovery." *Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1179 (10th Cir. 2009) (citations omitted); *Link v. Wabash R.R. Co.*, 370 U. S. 626, 630-31 (1962) (stating that a court has inherent power ""to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"); *Chambers v. NASCO, Inc.*, 501 U. S. 32, 44-45 (1991) (allowing courts to "fashion an appropriate sanction for conduct which abuses the judicial process"). These sanctions include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;

  (iv) staying further proceedings until the order is obeyed;

  (v) dismissing the action or proceeding in whole or in part;

  (vi) rendering a default judgment against the disobedient party; or

  (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). In determining the efficacy of imposing sanctions tantamount to dismissal, courts consider:

  (1) the degree of actual prejudice to the defendant;

  (2) the amount of interference with the judicial process;

  (3) the culpability of the litigant;

  (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and

  (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). These factors do not establish a rigid test, allowing the district court to consider any other factors when choosing an appropriate sanction. *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011).

  The Court finds that Plaintiff has violated two court orders to provide discovery (Dkts. 80, 90), subjecting him to sanctions under Fed. R. Civ. P. 37(b)(2)(A). Although Plaintiff is pro se, "even pro se litigants are not immune from sanctions for failing to obey a discovery order." *Villanueva Echon v. Sackett*, 809 F. App'x 468, 471 (10th Cir. 2020) (citing *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013)). A district court's gatekeeping function in discovery does not equate "to that of a micro-manager." *Gardner by & through Gardner v. Chrysler Corp.*, 89 F.3d 729, 739 (10th Cir. 1996).

Defendant Pittman alleges that Plaintiff's failure to comply with this Court's orders hinders Pittman's ability to prepare a defense. For example, Pittman's interrogatories requested information regarding potential expert and lay witnesses. (Dkt. 88-2). The identity of any witnesses is vital to the defense's proper investigation. Further, the lack of any supporting witnesses would help disprove Plaintiff's claims.

Pittman also requested information concerning plaintiff's background and his damages, including damage calculations and information about what action by Pittman caused specific damages. (Dkt. 88-2). Pittman maintains this requested information is required to investigate Plaintiff and his claims, to prepare for a second deposition, and for case evaluation. In addition, Pittman's interrogatories requested information about any documents Plaintiff did not have in his possession or control. *Id.* Pittman asserts this request took into consideration Plaintiff's inmate status, while also seeking documents that may prove or refute Plaintiff's claims. (Dkt. 88 at 5).

Plaintiff produced medical authorizations that allowed Defendant Pittman to receive records from "10-23-2018 up to the date of the request," although Pittman had requested records "for the period of February 2013 to the present." (Dkts. 8-9; 8-3; 8-7; 8-8; 8-13). In doing so, Plaintiff ignored this Court's Order and impermissibly sought to restrict Defendant's discovery of documents.

Further, Plaintiff's refusal to complete the deposition on February 16, 2023, effectively terminated the deposition. Consequently, Pittman was unable to gather any meaningful information for his defense when Plaintiff refused to cooperate and answer the questions asked of him.

Pittman alleges that Plaintiff's failure to cooperate with discovery has caused Pittman to incur unnecessary expenses. Pittman repeatedly has needed to seek this Court's intervention, however, Plaintiff has only partially responded to Pittman's requests for production. Pittman also incurred

unnecessary expenses in attempting to conduct Plaintiff's deposition. (Dkt. 88 at 6-7).

The record shows that Plaintiff has refused to comply with this Court's order to compel discovery, after he was warned that "[f]ailure to respond to the discovery requests as directed may result in sanctions. (Dkt. 80). Regarding the deposition, the Court entered an Order allowing Defendant Pittman to take Plaintiff's deposition on September 1, 2022. (Dkt. 77). Plaintiff received notice of the deposition, researched the deposition process, and had the process explained to him during the deposition. (Dkts. 88 at 8; Dkt. 88-10).

**Conclusion**

After careful review, the Magistrate Judge finds that Plaintiff clearly failed to comply with the Court's November 9, 2022, Order granting Defendant Pittman's unopposed motion to compel and instructing Plaintiff to respond to Pittman's discovery requests within 21 days, or by November 30, 2022. (Dkt. 80). The Magistrate Judge also finds that Defendant Pittman was actually prejudiced by Petitioner's failure to comply.

The Magistrate Judge therefore recommends that this Defendant Tom Pittman's motion for sanctions (Dkt. 88) and Pittman's motion to deem the motion for sanctions confessed (Dkt. 92) should be GRANTED for the above reasons, and this action should be DISMISSED in its entirety.

Plaintiff is granted fourteen (14) days from the date of the service of the Report and Recommendation to file with the Clerk of the Court any objections, with a supporting brief. Failure to object to this Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 12th day of June 2024.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE